**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-------------------------------x
STATE OF CONNECTICUT           :
COMMISSIONER OF LABOR,         :
                               :
            Plaintiff,         :   CASE NO 3:11CV00997(AWT)
                               :
v.                             :
                               :
CHUBB GROUP OF INSURANCE       :
COMPANIES,                     :
                               :
      Defendant.               :
-------------------------------x
```

<u>**RULING ON MOTION TO DISMISS**</u>

The plaintiff, State of Connecticut Commissioner of Labor (the "Commissioner"), acting under the authority conferred upon him by Conn. Gen. Stat. § 31-72, brought this civil wage enforcement action against the defendant, Chubb Group of Insurance Companies ("Chubb"), in Connecticut Superior Court.  In his complaint, the Commissioner set forth claims for unpaid earned "wages" as defined in Conn. Gen. Stat. § 31-71a(3) (First Count), unjust enrichment (Second Count), civil penalties pursuant to Conn. Gen. Stat. § 31-69a (Third Count), common law failure to pay wages (Fourth Count), and quantum meruit (Fifth Count).  Chubb removed the case to this court

pursuant to 28 U.S.C. § 1332, 1441 and 1446.[1]  Chubb moves
to dismiss plaintiff's complaint in its entirety under Fed.
R.  Civ. P. 12(b)(6).  For the reasons set forth below, the
motion is being granted.

## I.    FACTUAL ALLEGATIONS

Chubb is an insurance corporation chartered in Indiana
with its principal place of business in New Jersey.  Chubb
maintained an office in New Haven, Connecticut and employed
Sean McMahon ("McMahon") of Shelton, Connecticut.
McMahon's employment with Chubb ended on or about February
26, 2009.  On July 20, 2010, McMahon filed a complaint with
the Commissioner alleging that Chubb had failed to pay him
$37,700 in performance-based incentive wages under Chubb's
Annual Incentive Compensation Plan (The Chubb Corp. Ann.
Incentive Comp. Plan (Doc. No. 23-1) (the "Plan")) for his
work for Chubb in 2008.

The Commissioner alleges that Chubb failed to pay
McMahon performance-based incentive wages for 2008 pursuant
to the Plan.  Under the Plan, the Organization and
Compensation Committee of Chubb's Board of Directors "may
reduce or eliminate any Award under the plan, . . . ."
(Plan ¶ 5.)

---

[1] The court has previously determined that the Commissioner is bringing
this suit as parens patriae for Sean McMahon and is not the real party
in interest.  (See Am. Ruling on Mot. To Remand (Doc. No. 36-1).)

**II.   LEGAL STANDARD**

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).  Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 550, 555 (2007) (citing <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986)) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009)(quoting <u>Twombly</u>, 550 U.S. at 557).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)."  <u>Id.</u> (internal citations omitted). However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." <u>Id.</u> at 1974.  "The function of a motion to dismiss is

'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Mytych v. May Dept. Store Co., 34 F. Supp. 2d 130, 131 (D. Conn. 1999) (quoting Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984)). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232).

In its review of a motion to dismiss for failure to state a claim, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

**III. DISCUSSION**

**A. The Bonus At Issue Does Not Fall Within the Statutory Definition of Wages.**

The defendant argues that plaintiff's First and Third claims must be dismissed because an award under the Plan does not fall within the definition of wages under Conn. Gen. Stat. § 31-71a(3). Based on three recent Connecticut

Supreme Court cases construing this definition, the court agrees.

In Weems v. Citigroup, Inc., 289 Conn. 769, 782 (2008), the Connecticut Supreme Court held that "bonuses that are awarded solely on a discretionary basis, and are not linked solely to the ascertainable efforts of the particular employee, are not wages under § 31-71a(3)." Then, in Ziotas v. Reardon Law Firm, P.C., 296 Conn. 579, 588-89 (2010), the payment of a bonus was not discretionary but the amount of the bonus was discretionary.  The court held:

> Although the plaintiff is correct that neither Weems nor the cases that we cited in that decision address the situation in which the payment of a bonus was contractually required and only the amount of the bonus was discretionary, we conclude for the following reasons that such a bonus does not constitute wages under 31-71a(3).  First, our reasoning in Weems also applies when an employee is contractually entitled to a bonus, but the amount is indeterminate and discretionary. . . .

Ziotas, 296 Conn. 579 at 588-89.

Finally the Connecticut Supreme Court distinguished Weems and Ziotas in Ass'n Res., Inc. v. Wall, 298 Conn. 145, 176 (2010), where it found bonuses constituted "wages as defined by § 31-71a(3) because, under the employment

agreement, they were entirely nondiscretionary, both as to whether they would be awarded and the amount thereof."

Based on the analysis in these three cases, in order to establish that a bonus is wages under Conn. Gen. Stat. § 31-71a(3), a plaintiff must show that the bonus was entirely nondiscretionary, both as to whether it would be awarded and, if so, the amount of the award. Under that standard, McMahon's unpaid bonus does not fall within the statutory definition of wages. The Plan explicitly provided that the committee may reduce or eliminate any award under the Plan. This language makes the bonus discretionary, both as to whether it should be awarded and, if so, the amount to be awarded.

The Commissioner contends that the fact that the Plan had a provision concerning compliance with Section 162(m) of the Internal Revenue Code operates to make McMahon's unpaid bonus wages under § 31-71a(3). The Plan provides:

> COMPLIANCE WITH 162(m). With regard to all Covered Employees, the Plan shall for all purposes be interpreted and construed in accordance with Section 162(m) of the Code. Unless otherwise specifically determined by the Committee, if any provision of the Plan would cause the Awards granted to a Covered Employee to fail to qualify for the "performance-based compensation" exception under Section 162(m) of the Code, that provision, insofar as it pertains to the Covered Employee, shall

be severed from, and shall be deemed
not to be a part of this Plan, but the
other provisions hereof shall remain in
full force and effect.

(Plan ¶ 11.)  The Plan defines "Covered Employee" as "an

Employee who is a 'covered employee' as defined in Section

162(m) of the Code."  (Id. ¶ 2.)  Section 162(m) provides,

in pertinent part:

> (1) In general.--In the case of any
> publicly held corporation, no deduction
> shall be allowed under this chapter for
> applicable employee remuneration with
> respect to any covered employee to the
> extent that the amount of such
> remuneration for the taxable year with
> respect to such employee exceeds
> $1,000,000.
>
> (3) Covered employee.--For the purposes
> of this subsection, the term "covered
> employee" means any employee of the
> taxpayer if--(A) as of the close of the
> taxable year, such employee is the
> chief executive officer of the taxpayer
> or is an individual acting in such a
> capacity, or (B) the total compensation
> of such employee for the taxable year
> is required to be reported to
> shareholders under the Securities
> Exchange Act of 1934 by reason of such
> employee being among the 4 highest
> compensated officers for the taxable
> year (other than the chief executive
> officer).

I.R.C. § 162(m).

The Commissioner argues:

> The Plan incorporates Section 162(m) of
> the Internal Revenue Code.   The
> Defendant argues that Section 162(m)

> only applies to the five highest paid
> employees and does not, therefore apply
> to McMahon.   The Defendant has missed
> the point.      The  Internal  Revenue
> Service's  [sic]  has  ruled  that  to
> qualify  for  the  corporate  tax
> exemption, the corporate taxpayer must
> see to it that each and every bonus
> plan that one or more of the five top
> earners could or do qualify for treats
> each and every dime of bonus pay as an
> earned  incentive  wage  payment.   Each
> bonus   plan   must   be   completely
> performance based.   Paragraph eleven of
> the plan mandates that, with regard to
> all covered employees, the Plan shall
> be   interpreted   and   construed   in
> accordance with Section 162(m). . . .

(Pl.'s Mem. of Law in Opp'n to Def.'s Mot. to Dismiss (Doc.

No. 26, 3-4.)  The Commissioner cites no authority in

support of his representation concerning the ruling by the

Internal Revenue Service.  In any event the court finds the

Commissioner's argument unpersuasive because the court

agrees with Chubb's analysis:

> Chubb  has  pointed  out  that  Section
> 162(m) modifies the Plan only with
> respect to "Covered Employees," i.e.,
> the  four  (4)  highest  compensated
> officers for the taxable year, other
> than the chief executive officer.   The
> language of the Plan supports Chubb's
> interpretation   and   contradicts
> Plaintiff's.   The Plan states that it
> will be construed as consistent with
> Section 162(m) only "[w]ith regard to
> all  Covered  Employees"  and  only
> "insofar as it pertains to the Covered
> Employees." (Plan, Section 11.)   The
> Plan states that "the other provisions
> hereof shall remain in full force and

> effect." Id.  There is no language in
> the Plan suggesting that Section 162(m)
> modifies the Plan with respect to
> employees other than Covered Employees.
> Plaintiff is arguing for an
> interpretation of the Plan that is
> simply contrary to its wording.

(Mem. of Law in Supp. Of Mot. to Dismiss (Doc. No. 23), 3.)

Because the unpaid bonus does not constitute wages under Conn. Gen. Stat. § 31-71a(3), the motion to dismiss is being granted as to the First and Third Counts

## B. The Commissioner Lacks the Authority to Bring the Remaining Claims

The Commissioner contends that even if the bonus does not constitute wages under Conn. Gen. Stat. § 31-71a(3), the Commissioner is given the authority under Conn. Gen. Stat. § 31-72 to bring common law claims as well.  The Commissioner points to the "any legal action necessary" clause in § 31-72 and relies on Comm'r of Labor v. C.J.M. Servs., Inc., 268 Conn. 283 (2003), for this proposition. Section 31-72 provides in pertinent part that: "[T]he Labor Commissioner may bring any legal action necessary to recover twice the full amount of unpaid wages, payments due to an employee welfare fund or arbitration award, . . . ." Conn. Gen. Stat. § 31-72.  In C.J.M. Servs., the Commissioner sued a general contractor on behalf of employees of a subcontractor to collect unpaid wages

pursuant to his authority under Conn. Gen. Stat. § 31-72.
The Commissioner brought an action against the general
contractor pursuant to Conn. Gen. Stat. §§ 49-41 and 49-42.
The Connecticut Supreme Court affirmed the Appellate
Court's decision "that the commissioner had authority under
§ 31-72 to bring any legal action necessary to recover the
lost **wages** on behalf of the subcontractor's employees,
including any action against the general contractor and its
surety on the payment bond pursuant to General Statutes §§
49-41 and 49-42."  Id. at 288-91 (footnotes and citation
omitted; emphasis added).

Here, the Commissioner alleges he is bringing common
law claims "pursuant to his statutory authority under Conn.
Gen. Stat. § 31-72, wherein said commissioner is authorized
to pursue any actions to collect any and all unpaid wages."
(Compl. ¶ 1.)  While the Commissioner properly refers to
the "any legal action necessary" clause in § 31-72, he
ignores the fact that the authority granted in § 31-72 is
only with respect to unpaid wages.  In C.J.M. Servs., the
commissioner was authorized by Conn. Gen. Stat. § 31-72 to
bring an action pursuant to Conn. Gen. Stat. §§ 49-41 and
49-42 because he was suing to recover unpaid wages.  In
this case, however, the bonus at issue does not fall within
the statutory definition of "wages" in § 31-71a(3), so the

Commissioner is not authorized by § 31-72 to bring "any legal action," common law or otherwise, with respect to it. Because the Commissioner brought each of the remaining counts "pursuant to his statutory authority under Conn. Gen. Stat. § 31-72," the remaining counts, i.e., the Second, Fourth and Fifth Counts, must also be dismissed.

**IV. CONCLUSION**

For the reasons set forth above, the Defendants' Motion to Dismiss (Doc. No. 23) is hereby GRANTED. The Clerk shall enter judgment in favor of the defendants and close this case.

It is so ordered.

Dated this the 15th day of August 2012, at Hartford, Connecticut.

_____

/s/

Alvin W. Thompson
United States District Judge
