```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

--------------------------------x
STATE OF CONNECTICUT            :
COMMISSIONER OF LABOR,          :
                                :
            Plaintiff,          :  CASE NO 3:11CV00997(AWT)
                                :
v.                              :
                                :
CHUBB GROUP OF INSURANCE        :
COMPANIES,                      :
                                :
            Defendant.          :
--------------------------------x
```

**ORDER RE MOTION FOR RECONSIDERATION**

The plaintiff's Motion For Reconsideration (Doc. No. 51) is hereby DENIED.

The standard for granting a motion for reconsideration is strict. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (internal citations omitted). "A motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." SPGGC, Inc. v. Blumenthal, 408 F. Supp. 2d 87, 91 (D. Conn. 2006) (internal citation and quotation marks omitted). "It is also not appropriate to use a motion to reconsider solely to re-litigate an issue already decided." Id. "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented before the Court, nor may it be used as a vehicle for relitigating issues already decided by

1

the Court." Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001). See also Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., Inc., 265 F.3d 97, 115 (2d Cir. 2001) (noting that arguments raised for the first time on a motion for reconsideration may be rejected as untimely).

In the first part of the motion for reconsideration, after failing to identify any specific pertinent provision of the Plan as ambiguous, the plaintiff relies on a Fair Labor Standards Act regulation, 29 C.F.R. § 778.211, to argue that the Plan is ambiguous. The plaintiff also argued in his opposition to the motion to dismiss that the Plan was ambiguous, but he did not raise the FLSA regulation. Thus, the plaintiff is seeking to plug a gap in his original argument, in violation of the requirements for a motion for reconsideration. In addition, under the FLSA regulation a bonus is discretionary in character only if the employer retains discretion "both as to the fact of payment and as to the amount..." 29 C.F.R. § 778.211(b). Thus, under the FLSA regulation a bonus is nondiscretionary if the employer lacks discretion as to either the fact of payment or the amount of payment. However, based on the analysis of the Connecticut Supreme Court in Ass'n Res., Inc. v. Wall, 298 Conn. 145 (2010), Ziotas v. Reardon Law Firm, P.C., 296 Conn. 579 (2010) and Weems v. Citigroup, Inc., 289 Conn. 769 (2008), to establish a bonus is "wages" under Conn. Gen. Stat. § 31-71a(3),

2

a plaintiff must show that the bonus was entirely nondiscretionary, i.e., both as to whether it would be awarded and, if so, the amount of the award.  Thus, the meaning "discretionary" under the FLSA regulation is materially different from the meaning under Conn. Gen. Stat. § 31-71a(3), and the FLSA regulation and the cases applying it are inapposite.

The plaintiff also raises an entirely new argument that the plaintiff waived its discretion under the Plan and/or created an implied bonus wage agreement.  The court rejects this argument as untimely.

In the second part of the motion for reconsideration, the plaintiff argues that the Wage and Hour Act must be liberally construed to extend its remedial powers.  The plaintiff made precisely this argument in his opposition to the motion to dismiss.  The court considered the argument and found it unpersuasive because even when a statute is liberally construed, the express terms of the statute still must be taken into account.  The text of § 31-72 permits "any legal action necessary" only where the action is to recover "wages," as defined in § 31-71a(3), and the bonus at issue does not fall within the statutory definition of "wages."

Finally, in his surreply the plaintiff cites a controlling case that he argues was overlooked by the court.  The plaintiff

3

once again ignores the standard for a motion for reconsideration, raising a case and an argument based thereon that were not previously mentioned.

    The Clerk shall close this case.

    It is so ordered.

    Dated the 6th day of March 2013, at Hartford, Connecticut.

                                        /s/
                            Alvin W. Thompson
                    United States District Judge